IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:19-CR-00006-M-4
Case No. 2:23-CV-00018-M

CODY GRANT BEAUMONT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on a letter filed by Petitioner, which has been construed as a motion for compassionate release [DE 203], as well as on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [DE 206] and the United States' Motion to Dismiss the § 2255 petition [DE 211]. The court finds that Petitioner fails to demonstrate extraordinary circumstances justifying a compassionate release. In addition, the court finds that the § 2255 petition, the United States' motion, and the record in this case conclusively show that Petitioner is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' motion to dismiss is granted and the motion for compassionate release and § 2255 petition are denied.

**I. Case Background**

On April 17, 2019, Petitioner was named in a multi-count, multi-defendant indictment and, as relevant here, charged in Count One with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in

1

Count Two with knowing possession of equipment, chemicals, products, and material with the intent to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 843(a)(6). DE 1. Petitioner pled guilty to these charges pursuant to a written agreement on June 6, 2019, and on September 10, 2019, the Honorable Malcolm J. Howard sentenced Petitioner to 151 months in custody. DE 85, 116, 119.

On July 19, 2022, Petitioner wrote to the court stating that he had been incarcerated for nearly five years, he had been "going through a lot with COVID 19," and he was "not built for this kind of lifestyle being in prison." DE 203. The court construed the letter as a request for compassionate release and appointed counsel to determine whether Petitioner was eligible for a sentence reduction; however, counsel soon moved to withdraw stating that she "does not intend to file anything further associated with the Limited Appointment." DE 205.

On March 16, 2023, Petitioner filed the present petition collaterally attacking his conviction and arguing that the court lacked jurisdiction to convict him, his attorney provided him ineffective assistance, and his plea was neither knowing nor voluntary. Petitioner also argues that he is entitled to a sentence reduction based on Amendments 750 and 782 to the United States Sentencing Guidelines.

The United States has moved to dismiss the petition, arguing that the petition is untimely and none of Petitioner's arguments has merit since the court had jurisdiction over the criminal prosecution, defense counsel effectively represented Petitioner during his arraignment, and Petitioner's guilty plea was knowing and voluntary. DE 212.

On June 5, 2023, this court notified Petitioner of the filing of the motion to dismiss and the time period in which he was directed to file a response. DE 213. Five months later, on November 9, 2023, Petitioner filed a letter acknowledging receipt of this court's notice, asserting that he "sent

in [a written response] two weeks before [his] 21 days was due," and stating that he "hadn't heard anything" and wanted to know whether the court received it. DE 215. The court responded on November 16, 2023, informing Petitioner that the court had not received any response from him. DE 216. Petitioner has filed nothing since. The court has reviewed the entire record and is fully apprised.

## II. Analysis

The court finds first that Petitioner fails to demonstrate he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He mentions nothing about whether he has fulfilled the pre-filing requirement to submit a request asking the prison to bring a motion on his behalf. *See id.*; *see also United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021). Also, Petitioner identifies no "extraordinary and compelling reason" to warrant a sentence reduction. Petitioner mentions that "we've all been going through a lot with COVID-19," but such an unsupported, conclusory statement fails to show Petitioner's prison experience is either extraordinary or compelling. *See United States v. Thomas*, 471 F. Supp. 3d 745, 750 (W.D. Va. 2020) ("[G]eneral concerns about COVID-19, without more, are insufficient to invoke § 3582(c)(1)(A).") (citation omitted). Petitioner's failure to show that he suffers from a serious medical condition that increases his risk of severe illness from COVID-19 dooms his request for a sentence reduction under § 3582(c)(1). *See id.*

Turning to Petitioner's § 2255 petition, Section 2255 provides that habeas relief should be awarded when:

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

3

28 U.S.C. § 2255(b). Once the petitioner has shown this, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138-39 (4th Cir. 2009).

Regarding timeliness, section 2255 provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "Normally, for a motion to be timely under § 2255(f), a petitioner must file for relief within one year of the date that his judgment of conviction becomes final." *United States v. Green*, 67 F.4th 657, 663 (4th Cir.), *cert. denied*, 144 S. Ct. 226, 217 L. Ed. 2d 100 (2023) (quoting

4

*United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017)). "Where, as here, a petitioner does not file a direct appeal, a conviction becomes final when the appeal period expires. *Id.* (citing *Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014)).

In this case, Petitioner mentions nothing about whether the United States impeded his ability to file a timely motion, whether the Supreme Court recently recognized a right he asserts was violated, or whether new facts arose after his conviction and sentence that could only be discovered by his due diligence. The date on which Petitioner's judgment of conviction became final occurred in late 2019 and he filed the present petition in March 2023, more than three years later. Thus, the petition is untimely and must be dismissed.

Even if it were timely, the court would dismiss the petition on other grounds. First, Petitioner states that he may raise a question of this court's jurisdiction "at any time." However, he cites a civil case for this proposition and, otherwise, fails to demonstrate how this court lacked jurisdiction over his criminal proceeding. Notably, Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "a motion that the court lacks jurisdiction may be made at any time *while the case is pending*." Fed. R. Crim. P. 12(b)(2) (emphasis added). There is no indication that Petitioner raised a question of jurisdiction when his case was pending.

Second, a claim for ineffective assistance of counsel requires a showing of both "deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Deficient performance means that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Discerning this objective standard entails consideration of "professional norms." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023).

Prejudice is shown if, but for the deficient performance, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Given the nuance involved in pretrial negotiations, courts strictly apply the *Strickland* standard when evaluating claims for ineffective assistance of counsel at the plea-bargaining stage, and properly exercise their "limited role" with "judicial caution." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

Petitioner argues that his counsel failed to explain details and reasons for a guilty plea, challenge the presentence report, question why Petitioner scored a "six" for his criminal history, and request that the "sample pill residue be tested at a lab." DE 206 at 2-3. The record of this case shows that counsel did, in fact, successfully object to a firearms enhancement in the presentence report. *See* PSR, DE 113 at 21; *see also* Tr., DE 152 at 4-6. Further, Petitioner received a criminal history score of "V," not VI," for his guidelines computation. PSR, DE 113 at 13.

Moreover, Petitioner fails to demonstrate how any lab test for pill residue would cause his proceeding to be different; the purchases Petitioner made of illegal substances over a four-year period were recorded, and he admitted to such purchases not only in a statement to law enforcement but also during his arraignment. *See id.* at 6, 8, 10. "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) (cleaned up). In light of such presumption, the defendant's sworn statements "present a formidable barrier in any subsequent collateral proceedings." *Id.* (citations omitted). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy

6

are always 'palpably incredible' and 'patently frivolous or false.'" *Id.* (citations omitted). The court concludes that Petitioner's allegations regarding defense counsel's performance are insufficient to show it was either deficient or prejudicial to the Petitioner.

Petitioner also argues generally that he suffered a due process violation in that his guilty plea was neither knowing nor voluntary. DE 206 at 5. However, in his plea agreement, Petitioner expressly waived his right to contest his conviction in a § 2255 proceeding. DE 87 at 1. During his arraignment, Petitioner attested that he discussed the plea agreement with his attorney and understood the words, sentences, and legal phrases of the agreement. Tr. DE 214 at 16-17. Petitioner also expressed his understanding of the appeal waiver and "that [he] may be giving up [his] right to appeal or collaterally attack all or part of [his] conviction and sentence." *Id.* at 17. "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023) (quoting *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018)) (cleaned up). The court finds Petitioner's waiver valid and he waived his ability to attack his conviction in this proceeding.

Finally, Petitioner appears to seek a sentence reduction based on Amendments 750 and 782 to the U.S. Sentencing Guidelines. However, such claims are not cognizable in a habeas proceeding. *See United States v. Foote*, 784 F.3d 931, 937 (4th Cir. 2015) (citing United States v. Addonizio, 442 U.S. 178, 186 (1979)). ("because the sentence imposed by the district court was 'within the statutory limits,' and the proceedings were not 'infected with any error of fact or law of the fundamental character,' the claim was not appropriate for § 2255 review"). Here, Petitioner

does not argue, and the court does not find, that Petitioner's sentence was outside statutory limits or that the sentencing judge committed any error of fact or law.

In sum, the United States has "conclusively show[n] that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, the court thus GRANTS the United States' motion to dismiss [DE 211], DENIES Petitioner's motion for compassionate release [DE 203] and Section 2255 petition [DE 206], and DENIES a certificate of appealability.

SO ORDERED this __2__ day of April, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

8

Case 2:19-cr-00006-M   Document 217   Filed 04/03/24   Page 8 of 8